UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ELIZABETH KEEFER,** ) | **CASE NO. 1:09 CV 2390** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act (**Doc #: 26**). On August 13, 2010, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"): (1) vacating the Commissioner of Social Security's denial of Plaintiff's application for disability insurance benefits; and (2) remanding the matter to the Commissioner for reconsideration. (Doc #: 22.) Plaintiff has applied for an order authorizing payment of attorney's fees of $6,097.75.

**I.**

The Equal Access to Justice Act ("EAJA") permits a court to "award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States ..." 28 U.S.C. §2412(b). "A court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). Thus, to be awarded attorney's fees, (1) the claimant must be the prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no special circumstances making the

award unjust. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 130 (6th Cir. 2007). Moreover, the claimant's application must be filed within thirty days of final judgment. *Id*.

The fourth sentence of 28 U.S.C. §405(g) states that "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." When a court remands the matter to the Commissioner pursuant to the fourth sentence of §405(g), a claimant is considered the prevailing party, even if Social Security benefits have yet to be awarded. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).[1] Here, Plaintiff is the prevailing party, as the Court vacated the Commissioner's decision and remanded the case for reconsideration, pursuant to the fourth sentence of §405(g).

"The burden of establishing that the position of the United States was substantially justified ... must be shouldered by the Government." *Peck v. Comm'r of Soc. Sec.*, 165 Fed. App'x 443, 446 (6th Cir. 2006) (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2006)). "[T]he United States must show that its position was justified to a degree that could satisfy a reasonable person ..." *Peck*, 165 Fed. App'x at 446 (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). "A position is substantially justified when it has a reasonable basis in both law and fact." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citations omitted). Consequently, "a position can be justified even though it is not correct ..." *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted).

---

[1] A distinction is made between remand pursuant to the fourth sentence of §405(g) and remand made pursuant to the sixth sentence of §405(g), which reads, in part, "the court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ..." A claimant is not necessarily considered the prevailing party when remand is made pursuant to §405(g). *Schaefer*, 509 U.S. at 300-01.

In the present case, the Government has not established that its position was substantially justified. The Commissioner's decision was vacated and remanded because the Administrative Law Judge ("ALJ") did not wholly articulate the medical basis of her mental Residual Functional Capacity determination. Specifically, the ALJ, contrary to the requirements set forth in 20 CFR §404.1527(f) and Social Security Ruling 96-6p (1996 WL 374180), failed to weigh the opinions of a consultive examining psychologist and state agency consultant. "[W]here the administrative law judge was found to have selectively considered the evidence in denying benefits ... the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *Howard*, 376 F.3d at 554. The Court has consistently awarded EAJA attorney's fees under similar circumstances, and sees no reason why attorney's fees are not warranted here. See e.g., *Kreider v. Comm'r of Soc. Sec.*, Case No. 1:07cv1694, Doc #: 34 (attorney's fees granted under EAJA in case remanded because ALJ did not follow Social Security Ruling) and *Schlik v. Astrue*, 1:07cv1908, Doc #: 27 (attorney's fees granted because ALJ did not properly weigh evidence of treating physicians). Thus, because the ALJ did not consider relevant evidence, the Government's position is not substantially justified. As the Government has neither asserted that special circumstances make the award unjust nor challenged the timeliness of Plaintiff's application, attorney's fees shall therefore be awarded.

**II.**

Having held that Plaintiff is entitled to attorney's fees, the Court must next determine the amount to be awarded. Under 28 U.S.C. §2412(d)(2)(A), "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." Plaintiff has requested $6,097.75, representing 4.4 hours worked in 2009 at a rate of $166.25 per hour plus 31.8 hours worked in 2010 at a rate of $168.75 per hour. The hourly rate in excess of the statutory cap of $125 per hour is based on cost of living calculations made by the Plaintiff using the Consumer Price Index for all urban consumers ("CPI-U") for the Cleveland/Akron area. The Government has not objected to Plaintiff's calculation of attorney's fees, including the use of the CPI-U to determine the cost of living increase. The Court finds the amount sought by Plaintiff to be reasonable and hereby awards Plaintiff $6,097.75 in attorney's fees. However, as requested by the Government, payment shall be made directly to Plaintiff, not counsel, as fees paid under EAJA belong to the plaintiff "and thus subjects [the plaintiff] to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).

### III.

For the reasons discussed, *supra*, Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act (**Doc #: 26**) is hereby **GRANTED** in the amount of $6,095.75, payable to Plaintiff.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     September 30, 2010*
**Dan Aaron Polster**
**United States District Judge**